Tagged Opinion



**ORDERED in the Southern District of Florida on July 31, 2008.**

                                                 **Robert A. Mark, Judge**
                                            **United States Bankruptcy Court**

_____

```
              UNITED STATES BANKRUPTCY COURT
               SOUTHERN DISTRICT OF FLORIDA
                     MIAMI DIVISION

_____ )
                               )
                               )
In re:                         )    CASE NO.  07-14026-BKC-RAM
                               )    CHAPTER   11
PUIG, INC., et al.,            )    (Jointly Administered)
                               )
                               )
          Debtors.             )
                               )
_____ )
```

**ORDER GRANTING MOTION TO
<u>COMPEL EXPERT TO PRODUCE DOCUMENTS</u>**

The Court conducted a hearing on July 23, 2008, on the Committee's Motion to Compel (I) Ocean Bank to Provide Interrogatory Responses and (II) Expert to Produce Documents (the "Motion to Compel") [CP# 1903]. The portion of the Motion to Compel relating to interrogatory answers is addressed in a separate Order entered on July 30, 2008. This Order relates solely to that portion of the Motion to Compel seeking to compel production of a particular document subject of a subpoena served

upon Ocean Bank's testifying expert, Thomas Bastian, on May 9, 2008. The document is a deposition outline prepared by Ocean Bank's counsel (the "Outline") for use at the deposition of the Committee's expert, Andrew Bernstein, on May 9, 2008. A copy of the Outline was furnished to, and in part, annotated by, Mr. Bastian, who was present at the Bernstein deposition.

The Committee argues that Bastian is a testifying witness and that the Outline must be produced as a document which Bastian reviewed in connection with his expert report. (A copy of the Expert Report of Thomas A. Bastian, CPA, CFE (the "Bastian Report") is attached as an exhibit to Ocean Bank's Supplemental Objection to Motion for Substantive Consolidation 41-52, CP# 1918.)

Ocean Bank's Opposition to Motion to Compel (the "Bank's Response") [CP# 1926] argues that the Outline is not subject to production under Rule 26(a)(2)(B), Fed.R.Civ.P.,[1] because Mr. Bastian "did not utilize or consider the Outline in performing any of his analyses, forming any of his opinions, or preparing any portion of the report." (Bank's Response 6.) Ocean Bank also argues that Mr. Bernstein attended the deposition as a "consultant" to assist counsel in deposing Mr. Bernstein, not in his capacity as a testifying expert.

---

[1] Under Rule 26(a)(2)(B)(ii), a testifying expert's report must contain "the data or other information <u>considered</u> by the witness in forming [the opinions]" (emphasis added).

2

The Bank's Response is supported by the Declaration of Thomas A. Bastian (the "Declaration") [CP# 1929].  In the Declaration, Mr. Bastian acknowledges that he "attended the Bernstein deposition, reviewed the Outline, and consulted with counsel."  (Declaration ¶ 3.)  However, he asserts that these activities were in his role as a consultant, which he says was a distinct engagement from his engagement as a testifying expert.  Declaration, ¶ 4.  Moreover, he asserts that he "did not consider the Outline in performing any of the analyses, forming any of my opinions, or preparing any portion of the report.  I am using the word 'consider' to mean 'take into account'."  Id.

At the conclusion of the hearing, the Court reserved ruling to allow for an in camera review of the Outline and further review of the Bastian Report.  The Court has completed its in camera review of the Outline, reviewed the Bastian Report, and further reviewed the Motion to Compel, the Bank's Response, and applicable law.  For the reasons that follow, the Motion to Compel will be granted.  Simply put, this Court rejects the after the fact attempt to label Mr. Bastian as a "consultant" at the Bernstein deposition.  Moreover, under the broad interpretation of "considered" which this Court has applied to prior expert discovery in this contested matter, the Outline must be deemed a document "considered" by Bastian in preparing his Report.

## Discussion

As described earlier, Ocean Bank presents two theories in

support of protecting the Outline from disclosure.  First, it argues that testifying experts may also serve as consultants and, in their consulting role, review documents that are not subject to production, citing <u>Bro-Tech Corp. v. Thermax, Inc.</u>, 2008 WL 724627 (E.D. Pa. Mar. 17, 2008).  The Court finds <u>Bro-Tech</u> distinguishable and rejects the so-called "dual status" argument under the facts in this case.

In <u>Bro-Tech Corp.</u>, the computer forensic expert was retained for two separate and distinct tasks.  The documents at issue were images of electronically stored data allegedly reviewed by the expert in a consulting role.  In overruling the magistrate judge's production order, the district court agreed that the images at issue were reviewed in the expert's distinct role as a consultant.  The evidence was clear that these images were not considered in the expert report since the images were from different devices than those searched in the witness' role as an expert.  Notably, the court cautioned against broad application of the dual status defense to production:

> A court shall only give force to this differentiation of roles if it is convinced that the information considered for consulting purposes was not also considered pursuant to the expert's testifying function.

<u>Bro-Tech Corp.</u>, 2008 WL 724627, at *2

Under this standard, the dual status defense fails.  The Outline of questions prepared for the Committee's expert's deposition cannot be viewed as a document considered only in the

4

alleged "consulting" role. Unlike the distinct forensic consulting engagement of the expert in Bio-Tech, Mr. Bernstein's deposition was clearly material to Mr. Bastian's Report. Indeed, the deposition transcript is listed as a document considered by Mr. Bastian in his Report. To now claim that the deposition outline was reviewed solely in a distinct consulting role is an artificial and unsustainable position. In short, the dual status defense is rejected.

Second, the Court rejects the argument that the Outline was not "considered" by Mr. Bastian in preparing his Report. Although the argument is supported by the Bastian Declaration, Bastian's statement that he did not consider the Outline, even if credible, is based on a definition of "considered" which is unduly narrow.

By prior Order in this contested matter, the Court compelled production of all communications, including emails, between any professional at Mr. Bernstein's firm, Berkowitz, Dick, Pollack & Brandt ("BDP&B"), and any other BDP&B professional or any third party related to the Puig retention. (Order Denying Motions for Protective Order as Moot but Compelling Additional Documentation Production ¶ 2.B., CP# 1680.) In compelling this broad production, the Court accepted Ocean Bank's argument that if an expert reviews a document, he has "considered" it, under Rule 26, whether or not he relies on it in preparing his report. Applying this same broad standard, Mr. Bastian's review of the Outline

5

means he "considered" it and it must be produced.

Finally, even under the narrower view of "considered" urged by Ocean Bank and used in the Bastian Declaration, the Outline should be produced. This narrower standard defines considered as "takes into account." Keen v. Ingersoll-Rand Co., 168 F.R.D. 633, 635 (N.D.Ind. 1996). It is difficult to understand how Mr. Bastian can include the deposition transcript as a document he took into account, but claim that he did not consider, i.e., "take into account," the Outline.

The Bastian Report includes no less than five separate references to Mr. Bernstein's deposition testimony on issues including the possibility of developing reasonably accurate balance sheets, the estimated cost of accomplishing this task, the contents of the Diazcorp ledgers, and Bernstein's efforts to stay in touch with the Berger Epstein firm regarding their work on Puig matters. Similarly, and not surprisingly, the Outline contains notes and questions on these same issues, including a series of questions, and in some instances, notes, about work done by Berger Epstein (Outline 8-9), the feasibility of developing reliable statements for the individual entities (Outline 13), and the Diazcorp ledgers (Outline 15, 19). In sum, since the notes and questions in the Outline directly relate to both the testimony elicited from Mr. Bernstein and the comments on the Bernstein testimony contained in the Bastian Report, the Outline was "considered" under any definition of that term and

6

must be produced.

For the foregoing reasons, it is -

**ORDERED** as follows:

1. The Motion to Compel Production of the Outline is granted.

2. Since the Bastian deposition is presently scheduled for August 7, 2008, Ocean Bank shall hand-deliver, fax or email the Outline to counsel for the Committee no later than noon on <u>Tuesday, August 5, 2008</u>.

3. This Court will not grant a stay of this Order and compliance will be expected unless a stay is sought and obtained from the district court prior to noon on August 5th.

###

COPIES TO:

Richard E. Brodsky, Esq.
TABAS, FREEDMAN, SOLOFF & MILLER, P.A.
25 Southeast 2nd Avenue, Suite 919
Miami, Florida 33131
(Counsel for Ocean Bank)

Michael S. Budwick, Esq.
MELAND, RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
(Counsel for Creditors' Committee)

Steven D. Schneiderman, Staff Attorney
Office of the U.S. Trustee
51 S.W. First Avenue, Suite 1204
Miami, Florida 33130

**(Attorney Budwick is directed to serve a copy of the Order on all other interested parties)**